IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN A. MARTINEZ

                Plaintiff,                Case No. 3:10 CV 410
-vs-                                        3:05 CR 781

UNITED STATES OF AMERICA,            MEMORANDUM OPINION
                                                     AND  ORDER

                Defendant.
KATZ, J.

Petitioner, John A. Martinez, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. He raises principally two claims of ineffective assistance of counsel by his trial attorney. The Government has filed its response. After due consideration of the issues, the Court will deny the motion.

**STATEMENT OF FACTS**

Because the Government has set forth in its memorandum the basic facts surrounding this case, the Court will merely give an overview. John A. Martinez and members of his family were among twenty-one indicted for drug possession and drug distribution. Other individuals indicted included Petitioner's brother and father. After trial on May 9, 2006, the jury returned guilty verdicts against Petitioner on Counts 1, 2, 18, 42 and 46. The jury acquitted Martinez of Count 3, possession with intent to distribute crack cocaine. In its special findings the jury found that Martinez conspired to possess with intent to distribute at least 5 kilograms of cocaine and less than 50 kilograms of marijuana and that he possessed with intent to distribute at least 500 grams but less than 5 kilograms of cocaine.

The United States Probation Office calculated Martinez' base offense level at 36 and recommended a 4 level enhancement pursuant to USSG § 3B1.1(a) based on his role as a leader or organizer of criminal activity involving five or more participants. The total offense level of 40 and a Criminal History Category of 4 reflected a sentencing range of 360 months to life imprisonment. However, this Court, at its September 8, 2006 sentencing hearing, sustained an objection by Martinez regarding his Criminal History Category and reduced it to a level III. At such hearing Martinez also convinced the Court to reduce the quantity of drugs involved, even as determined by the jury, to that which produced a level 32. This Court also rejected Martinez objection to the 4 level leadership enhancement. After hearing arguments from both Defendant and the Government, the Court sentenced Martinez to 288 months imprisonment on Counts 1 and 2, and 96 months imprisonment on Counts 18, 42 and 46, all to be served concurrently and to followed by 10 years of supervised release.

Martinez filed a timely appeal to the Sixth Circuit Court of Appeals, which rejected all arguments and affirmed the lower court.

In his § 2255 motion Martinez raises two claims of ineffective assistance of counsel: 1) Mr. Candiello (his then attorney) failed to inform Martinez that he could enter a guilty plea to the indictment, without accepting a plea agreement offer by the Government, and 2) said counsel failed to advocate for a downward departure or variance in regard to the leader organizer enhancement, on the basis of co-defendant disparity, because other equally culpable defendants who accept plea agreements did not receive that enhancement.

**DISCUSSION**

The Government in its memorandum outlines the basic requirements of § 2255 motions and ineffective assistance of counsel claims, pointing out that this Court is to be guided by the two element test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

With regard to his attorney's alleged failure to inform him that he could enter a plea of guilty without a plea agreement, Mr. Candiello has provided the Government with an affidavit which is appended to the Government's memorandum.  Not only does Mr. Martinez stretch the bounds of credulity in indicating his attorney did not make him aware of nor was he knowledgeable concerning his right to enter a plea of guilty without a plea agreement, but his speculations are beyond this Court's belief.  For instance, he argues that without a plea agreement this Court would not have found that he was a leader or organizer.  However, at the sentencing hearing this Court specifically outlined the reason why he deserved that label as the evidence adduced at trial clearly showed Martinez as an organizer.

Martinez next cites ineffective assistance of counsel at sentencing for failure to raise disparity of co-defendant sentences (those co-defendants did not receive leader organizer enhancements) as a reason for a downward adjustment when this Court reviewed the various § 3553(a) factors.  Clearly, that argument fails as well.  The disparity factor has been interpreted to encompass only "national disparities," as opposed to disparities between co-defendants within the same case.  There are so many reasons why this argument has absolutely no merit that the Court will merely incorporate by reference the extensive justification for the Court's position and contra Martinez' position as set forth by the Government in its memorandum.  As a matter of fact, this Court did take into consideration unwarranted disparities but indicated that was not one of the types of disparities to be considered when contemplating the application of § 3553(a)(6).

3

Finding no justification for either of the arguments made by Martinez, the Court denies Petitioner's motion to vacate sentence filed pursuant to § 2255.

IT IS SO ORDERED.

                                                    s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE