IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN A. MARTINEZ,

                    Petitioner/Defendant,         Case No. 3:11 CV 1820
                                                3:05 CR 781

       -vs-

                                            <u>MEMORANDUM  OPINION</u>
UNITED STATES OF AMERICA,               <u>AND  ORDER</u>

                    Respondent/Plaintiff,

KATZ, J.

This matter is before the Court on Petitioner John A. Martinez's filing which the Government describes as a "Second or Successive Motion pursuant to 28 U. S. C. § 2255 to vacate, set aside, or correct his sentence," with which categorization this Court agrees.   Martinez seeks relief under Section 2255 pursuant to Tenth Amendment grounds in light of the recent case of *Bond v. United States,* 546 U.S. __ 131 S.Ct. 2355 (2011)

**BACKGROUND**

The Government has in its response opposing said motion outlined in significant detail and at length the history of this case.  Suffice to say at this juncture that Martinez and 20 other individuals, including family members, were charged in a 50 count indictment alleging that they engaged in a conspiracy to possess with intent to distribute drugs in the Toledo, Ohio area. Martinez was also charged with other criminal violations.  On May 9, 2006 the matter proceeded to trial and the jury returned guilty verdicts against Martinez on counts 1, 2, 18, 42 and 46, with special findings.  He was sentenced on September 8, 2006 to 288 months imprisonment on Counts 1 and 2 and 96 months imprisonment on Counts 18, 42 and 46, all to be served concurrently, and to be followed by ten years of supervised release.

Following sentencing Martinez appealed his conviction and sentencing.  The Sixth Circuit held that the District Court did not treat the guidelines as mandatory following *U.S. v. Booker* and did not commit any procedural error, thus affirming.  *See United States v. Martinez*, 302 F. App'x. 379, 2008 WL 5099684 (6th Cir. Dec. 3, 2008).

On March 4, 2010 Martinez filed his first 2255 motion.  This Court denied that motion on August 17, 2010.  The only issue on appeal was this Court's determination that Martinez did not receive ineffective assistance of counsel in connection with his decision to plead not guilty.  On August 26, 2011 the Sixth Circuit issued an order affirming the District Court's denial of Martinez's Section 2255 motion.  Three days thereafter Martinez filed the instant motion, in which he argues that it is not a second or successive filing under Section 2244.  The motion under consideration contends that the prosecution by the Government violated the Ninth and Tenth Amendments of the Constitution regarding enumerated powers and the reserve powers clause.

## DISCUSSION

The Government, beginning on page 5 of its brief, sets forth the prerequisites required to permit this Court to consider successive petitions under Section 2255. None of those prerequisites has been met in this instance.  That discussion is followed by the Government's delineation of four reasons to dismiss this petition:

1) That Martinez has already filed one motion to vacate sentence under 28 U.S.C. § 2255

2) Martinez has not obtained permission from the Sixth Circuit to bring a second or successive motion under 28 U.S.C. § 2255

3) Martinez fails to meet the criteria to apply for a successive Section 225 motion.

2

4) Martinez's claim that the Controlled Substance Act violates the Constitution by interfering with state sovereignly has been previously rejected.

The Court agrees with reasons 1, 2 and 3 and will not discuss them in this brief opinion As for the fourth reason delineated by the Government, the Government cites the case of *United States v. Truss*, 2006 WL 1409107 (E.D. Tenn. 2006) for the proposition that in this Circuit the Court of Appeals has long upheld the constitutionality of federal drug statutes even though the laws may reach drug crimes which only occur within one state.. Martinez's reliance on the *Bond v. United States*, 564 U.S. ___ (2011) case is unavailing; the Supreme Court has specifically held that federal statutes comprising the controlled substances act do not violate the reserved powers clause of the Tenth Amendment.  (See summary of discussion at p.16 of Gov. Resp.).

### CONCLUSION

For all of the foregoing reasons, this Court finds that Martinez's motion is a second or successive motion under Section 2255; he has not obtained permission from the Sixth Circuit Court of Appeals to bring a second or successive motion under that section; Martinez fails to meet the criteria to apply for the filing of a second or successive Section 2255 motion; and his claim that the controlled substance act violates the Constitution by interfering with state sovereignty has previously been rejected by both the United States Supreme Court and the Court of Appeals for the Sixth Circuit.  Said motion is denied.

IT IS SO ORDERED.

  *s/ David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE