IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN A. MARTINEZ,

       Petitioner/Defendant,       Case No. 3:13 CV 630
                                                            3:05 CR 781

       -vs-

UNITED STATES OF AMERICA,       <u>MEMORANDUM OPINION</u>
                                                                     <u>AND ORDER</u>

       Respondent/Plaintiff.

KATZ, J.

       Before the Court is a third or successive motion filed by Petitioner John A. Martinez pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The content of the motion is not important at this juncture because of the inappropriateness of filing the same in this Court before having filed with the Court of Appeals for the Sixth Circuit a motion requesting an order authorizing the district court to consider the second or successive motion.

       As well stated in the Government's response to Martinez's motion, Section 2255 now requires that successive petitions set forth the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h)

As noted by the Government, Martinez is seeking to file a second or successive motion pursuant to Section 2255 and, therefore, must have it certified as provided above by a panel of the Court of Appeals for the Sixth Circuit.

In addition, 28 U. S. C. § 2244(b) provides in relevant part:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-

   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. § 2244(b).

It is clear that the instant petition is a third or successive Section 2255 petition. Since Martinez fails to indicate that he has received authorization from the Sixth Circuit Court of Appeals to bring this successive petition, it fails at this juncture before this Court.

Therefore, the Clerk is directed to transfer Martinez's instant petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and the case of *In Re Simms*, 11 F.3rd at 47.

IT IS SO ORDERED.

                                            s/ *David A. Katz*
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE